IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

SPENCER T. MYERS,

    Petitioner,

v.                                  CIVIL ACTION NO. 5:13cv22
                                        (Judge Stamp)

TERRY O'BRIEN,

    Respondent.

## REPORT AND RECOMMENDATION

### I. BACKGROUND

On February 15, 2013, the *pro se* petitioner filed an Application for Habeas Corpus Pursuant to 28 U.S.C. §2241. On March 22, 2013, he paid the $5.00 filing fee. The petitioner is a federal inmate housed at USP Hazelton and is challenging the validity of his conviction and sentence imposed by the United States District Court for the Southern District of West Virginia. This matter is pending before me for a Report and Recommendation pursuant to LR PL P 2.

### II. FACTS[1]

On June 22, 2000, a jury for the Southern District of West Virginia found the petitioner guilty of all counts of an indictment in which he was charged with being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) and (e)(1), distribution of cocaine base, in violation of 21 U.S.C. § 841(a), possession and use of a firearm in furtherance of drug trafficking, in violation of 18 U.S.C. § 924(c)(1)(A), knowing possession of a firearm with an obliterated serial number, in violation of 18 U.S.C. §§ 922(k) and 924(a)(1), and corruptly persuading another to hinder

---

[1] The recitation of the factual history of the petitioner's conviction and sentence is taken from the Findings and Recommendations of Magistrate Judge Maurice Taylor entered on March 21, 2005, available on Pacer. See 3:00-cr-00062-1 (Entry Number 89).

1

an investigation, in violation of 18 U.S.C. § 1512(b)(3). On September 11, 2000, he was sentenced to life imprisonment and to a consecutive term of 300 months. His conviction was affirmed on appeal and a petition for writ of certiorari was denied by the Supreme Court on October 7, 2002.

On October 1, 2003, the petitioner filed a motion under the provisions of 28 U.S.C. § 2255, seeking to have his conviction and sentence set aside. In his motion, the petitioner contended that counsel representing him at trial and on appeal provided ineffective assistance of counsel. The petitioner's § 2255 Motion was denied on August 11, 2005. The petitioner's appeal to the Fourth Circuit was dismissed on April 4, 2006 for failure to prosecute.

### III. ANALYSIS

The primary means of collaterally attacking a federal conviction and sentence is through a motion pursuant to 28 U.S.C. § 2255. A § 2241 petition is used to attack the manner in which a sentence is executed. Thus, a § 2241 petition that challenges a federal conviction and sentence is properly construed to be a § 2255 motion. The only exception to this conclusion is where a § 2241 petition attacking a federal conviction and sentence is entertained because the petitioner can satisfy the requirements of the "savings clause" in § 2255. Section 2255 states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C. § 2255 (emphasis added).

The law is clearly developed, however, that merely because relief has become unavailable under § 2255 because of a limitation bar, the prohibition against successive petitions, or a procedural bar due to failure to raise the issue on direct appeal, does not demonstrate that the § 2255 remedy is

2

inadequate of ineffective. In re Vial, 115 F. 3d 1192, 1194 (4th Cir. 1997). Moreover, in Jones, the Fourth Circuit held that:

> §2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first §2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gate-keeping provisions of §2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d 328, 333-334 (4th Cir. 2000).

In this case, the petitioner, alleges his "actual factual" innocence of all counts of the indictment. More specifically, the petitioner alleges that had his counsel presented the correct defense at trial, the government could not prove the critical jurisdictional element of mens rea. In addition, the petitioner alleges that he was denied an impartial jury. The petitioner also makes additional claims of ineffective assistance of counsel and also argues that the trial court abused its discretion in making several findings and/or rulings.

However, in order to raise a claim of actual innocence under § 2241, the petitioner must first establish that he is entitled to review under § 2241 by meeting the Jones requirements.[2] This the petitioner has not, and cannot, do. Even if the petitioner satisfied the first and the third elements of

---

[2] See Bousley v. United States, 523 U.S. 614, 623 (1998) (In order to "open the portal" to a § 2241 proceeding, the petitioner must first show that he is entitled to the savings clause of § 2255. Once those narrow and stringent requirements are met, the petitioner must then demonstrate actual innocence. Actual innocence means factual innocence, not mere legal insufficiency.); see also Herrera v. Collins, 506 U.S. 390, 404 (1993) ( "A claim of 'actual innocence' is not itself a constitutional claim, but instead a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits."); Royal v. Taylor, 188 F. 3d 239, 243 (4th Cir. 1999) (federal habeas relief corrects constitutional errors). Thus, a freestanding claim of actual innocence is not cognizable in federal habeas corpus and such claim should be dismissed.

Jones, the crimes for which the petitioner was convicted remain criminal offenses, and therefore the petitioner cannot satisfy the second element of Jones. Therefore, because the petitioner clearly attacks the validity of his conviction and sentence, and fails to establish that he meets the Jones requirements, the petitioner has not demonstrated that § 2255 is an inadequate or ineffective remedy and has improperly filed a § 2241 petition.

## IV. **RECOMMENDATION**

Based on the foregoing, the undersigned recommends that the petitioner's petition be **DENIED WITH PREJUDICE**.

Within fourteen (14) days after being served with a copy of this Recommendation, any party may file with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Frederick P. Stamp, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet..

DATED: May 2, 2013

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE