IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

SPENCER T. MYERS,

    Petitioner,

v.                                        Civil Action No. 5:13CV22
                                                        (STAMP)

TERRY O'BRIEN,

    Respondent.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE**

I. Procedural History

On February 15, 2013, the pro se[1] petitioner, Spencer T. Myers, filed a petition for habeas corpus pursuant to 28 U.S.C. § 2241.[2] In attacking the validity of his conviction, the petitioner claims he is innocent as to all counts of his indictment. He asserts that had his counsel presented the correct defense at trial, the government could not prove the jurisdictional element of mens rea. Further, he asserts that he was denied an impartial jury, the trial court abused its discretion in making certain findings and rulings, and he was subject to ineffective assistance of counsel.

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1341 (9th ed. 2009).

[2] The petitioner is currently an inmate at USP-Hazelton.

In accordance with Local Rule of Prisoner Litigation Procedure 2, this case was referred to United States Magistrate John S. Kaull for initial review and report and recommendation. Magistrate Judge Kaull issued a report and recommendation recommending that the petitioner's § 2241 petition be denied and dismissed with prejudice. The magistrate judge advised the parties that, pursuant to 28 U.S.C. § 636(b)(1)(C), any party may file written objections to his proposed findings and recommendations within 14 days after being served a copy of the report and recommendation. Thereafter, the petitioner filed a motion for an extension to file objections to the report and recommendation, which this Court granted. The petitioner, however, failed to file any objections. For the reasons set forth below, this Court adopts and affirms the magistrate judge's report and recommendation in its entirety.

## II. Facts

On June 22, 2000, a jury found the petitioner guilty of all counts of the indictment filed against him. Specifically, he was found guilty of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) and (e)(1), the distribution of cocaine base in violation of 21 U.S.C. § 841(a), the possession and use of a firearm in furtherance of drug trafficking in violation of 18 U.S.C. § 924(c)(1)(A), the knowing possession of a firearm with an obliterated serial number in violation of 18 U.S.C. §§ 922(k) and 924(a)(1), and the corrupt

persuading of another to hinder an investigation in violation of 18 U.S.C. § 1512(b)(1). As a result of these findings, the court in the Southern District of West Virginia sentenced the petitioner on September 11, 2000, to life imprisonment and to a consecutive term of 300 months imprisonment. The United States Court of Appeals for the Fourth Circuit affirmed his conviction on appeal and the Supreme Court denied his petition for writ of certiorari.

On October 1, 2003, the petitioner filed a motion to vacate his conviction and sentence pursuant to 28 U.S.C. § 2255 based on a claim of ineffective assistance of counsel. The court in the Southern District of West Virginia denied the petitioner's motion and the Fourth Circuit dismissed the petitioner's appeal as to this motion for failure to prosecute.

### III. Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made. Because no objections were filed, all findings and recommendations will be upheld unless they are "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A).

### IV. Discussion

Having reviewed the magistrate judge's report and recommendation for clear error, and finding none, this Court agrees that the petitioner improperly challenges his sentence under § 2241

and that he has failed to demonstrate that 28 U.S.C. § 2255 affords an inadequate or ineffective remedy. A federal prisoner may seek relief pursuant to 28 U.S.C. § 2241 when a petition pursuant to § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255; In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997). However, the remedy afforded by § 2255 is not rendered inadequate or ineffective merely because relief has become unavailable under § 2255 because of a limitation bar, the prohibition against successive petitions, or a procedural bar due to failure to raise the issue on direct appeal. In re Vial, 115 F.3d at 1194 n.5 (citing Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir. 1988)). Rather, § 2255 is inadequate and ineffective to test the legality of a conviction when:

> (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gate-keeping provisions of § 2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d 328 (4th Cir. 2000).

In this case, the petitioner has failed to establish the elements required by Jones. As the magistrate judge stated, even if the petitioner satisfied the first and third elements of Jones, the violations that the petitioner was convicted of remain criminal offenses. Thus, the petitioner cannot satisfy the second element

4

of Jones. Accordingly, because a remedy by motion under § 2255 is not inadequate or ineffective, the magistrate judge's report and recommendation dismissing the petitioner's § 2241 petition without prejudice is not clearly erroneous.

## V. Conclusion

For the reasons set forth above, this Court finds no clear error in the report and recommendation of the magistrate judge, and it is therefore AFFIRMED and ADOPTED in its entirety (ECF No. 10). Accordingly, for the reasons set forth above, the petitioner's § 2241 petition is DENIED and DISMISSED WITH PREJUDICE. It is ORDERED that this civil action be DISMISSED and STRICKEN from the active docket of this Court.

Finally, this Court finds that the petitioner was properly advised by the magistrate judge that failure to timely object to the report and recommendation in this action would result in a waiver of appellate rights. Because the petitioner has failed to object, he has waived his right to seek appellate review of this matter. See Wright v. Collins, 766 F.2d 841, 844-45 (4th Cir. 1985).

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the pro se petitioner by certified mail. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:      January 22, 2014

                              /s/ Frederick P. Stamp, Jr.
                              FREDERICK P. STAMP, JR.
                              UNITED STATES DISTRICT JUDGE